**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Michele Kennett, individually and on behalf
of the Proposed Colorado Rule 23 Class,

       Plaintiff,

v.

**CLASS ACTION COMPLAINT**
**(JURY TRIAL DEMANDED)**

Bayada Home Health Care, Inc.

       Defendant.

Case No. _____

Plaintiff, on behalf of herself and the Proposed Colorado Rule 23 Class ("Rule 23 Class"), by her attorney Nichols Kaster PLLP, brings the following action against Defendant Bayada Home Health Care, Inc., for failing to pay its hourly paid home health workers all of their overtime pay as required by the Colorado Wage Act (the "CWA"), C.R.S. §§ 8-4-101, *et seq.*, and the Colorado Minimum Wage Order Number 30 (the "MWO"), 7 CCR 1103-1. Plaintiff states the following as her claims against Defendant:

## JURISDICTION AND VENUE

1. This court has original jurisdiction over this matter pursuant to 28 U.S.C. 1332(a) because Plaintiff and Defendant are citizens of different states and because the amount in controversy in this matter, inclusive of reasonable attorneys' fees and costs exceeds $75,000.

2. Venue in the District of Colorado is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred, and the Defendant is subject to personal jurisdiction, in the District of Colorado.

## PARTIES

1

3. From approximately November 2011 to August 2013, Plaintiff Michelle Kennett ("Plaintiff") was employed as a home health care worker by Defendant.

4. Plaintiff is an adult resident of Routt County, Colorado.

5. Defendant Bayada Home Health Care, Inc., ("Defendant") is a Pennsylvania corporation with its principal place of business in New Jersey.

6. Defendant is a home health care company, providing in home nursing, rehabilitative, therapeutic, hospice, and assistive care services to children, adults, and seniors.

7. Upon information and belief, Defendant directly employs more than 18,000 nurses, certified nursing assistants, home health aides, therapists, medical social workers, and other health care professionals (collectively "home health care workers") from more than 250 offices throughout the country.

8. Upon information and belief, Defendant maintains approximately six offices in Colorado.

9. Defendant's annual gross volume of sales made or business done is not less than $500,000.

**GENERAL FACTUAL ALLEGATIONS**

10. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

11. Plaintiff was paid on an hourly basis, earning approximately $10.00/hr to $11.75/hr during her employment with Defendant.

12. Plaintiff and members of the Rule 23 Class are current and former hourly paid home health care workers directly employed by Defendant, and not by the client, in Colorado.

13.     Plaintiff and the Rule 23 Class were or are Defendant's employees within the meaning of C.R.S. § 8-4-101(4); 7 CCR1103-1.

14.     Defendant is, or was, the employer of Plaintiff and the Rule 23 Class within the meaning of C.R.S. § 8-4-101(5); 7 CCR1103-1.

15.     Plaintiff and the Rule 23 Class worked and/or work in excess of forty (40) hours during workweeks within the statutory period.

16.     The MWO covers employers such as Defendant who operate any business or enterprise engaged in medical, dental, surgical, or other health services including but not limited to home health care.

17.     The MWO requires covered employers such as Defendant to compensate all non-exempt employees, at a rate of not less than one and one-half times their regular rate of pay, for work performed in excess of forty (40) hours per workweek or 12 hours per workday.

18.     Defendant has a common policy of not paying Plaintiff and the Rule 23 Class at a rate of one and one-half times their regular rate of pay for their overtime hours worked as required by the MWO.

19.     Defendant paid Plaintiff and the Rule 23 Class their regular hourly rates (i.e., "straight time") for their overtime hours, rather than the legally required one and one-half times their regular rate of pay.

20.     Defendant willfully operated under a common scheme to deprive Plaintiff and the Rule 23 Class of proper overtime compensation by paying them less than what is required under state law.

21.     As a home health care company operating in Colorado, Defendant was or should

3

have been aware that Plaintiff and the Rule 23 Class performed work that required proper payment of overtime compensation.

22. While the MWO contains certain exemptions from its overtime pay requirements, 7 CCR 1103-1, none of these exemptions apply to Plaintiff and the Rule 23 Class.

23. Defendant knew that Plaintiff and the Rule 23 Class worked overtime hours because Defendant required Plaintiff and the Rule 23 Class to record and submit records of their work hours.

24. Defendant's conduct as alleged in this Complaint was willful and in bad faith.

## COLORADO CLASS ACTION ALLEGATIONS

25. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

26. Plaintiff brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Rule 23 Class is defined as follows:

> **Rule 23 Class:** All individuals who are or have been employed by Defendant as hourly paid home health care workers in Colorado from July 14, 2011 until the date of final judgment in this matter.

27. The individuals in the Rule 23 Class as defined above are so numerous that joinder of all members is impracticable. Although the precise number of such individuals is currently unknown, Plaintiff believes that the class as defined above includes over 100 members. Plaintiff and members of the Rule 23 Class have been equally affected by Defendant's violations of state law.

28. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members, including, but not limited

to whether Defendant unlawfully failed to pay the proper overtime premiums, whether Defendant's willfully violated state law, the proper measure of damages sustained by the class members, and whether Defendant should be enjoined from such violations in the future.

29. Plaintiff's claims are typical of those of the Rule 23 Class. Plaintiff, like other members of the Rule 23 Class, have suffered harm due to Defendant's failure to pay them their overtime premiums for the hours they worked in excess of forty (40) hours per workweek in violation of Colorado law.

30. Given Plaintiff's losses, Plaintiff has the incentive and is committed to the prosecution of this action. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class and has retained as counsel a law firm that numerous courts have found sufficiently experienced in wage and hour litigation to be appointed as class counsel. There are no conflicts between Plaintiff and the class she seeks to represent.

31. This action is maintainable as a class action because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Rule 23 Class which would establish incompatible standards of conduct for Defendant.

32. This action is maintainable as a class action because questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members of the Rule 23 Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

33. Plaintiff intends to send notice to all members of the Rule 23 Class to the extent required by Rule 23 of the Federal Rules of Civil Procedure.

## CAUSES OF ACTION
### (Violation of CWA, §§ 8-4-101 *et seq.* and MWO, 7 CCR 1103-1)

34. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

35. The CWA, C.R.S. § 8-4-103, requires employers to pay all wages or compensation earned by an employee in any employment, for regular pay periods of no greater duration than one calendar month or thirty days, whichever one is longer, or on regular paydays no later than ten days following the close of each pay period unless the employer and the employee mutually agree on any other alternative period of wage or salary payments.

36. The MWO, 7 CCR1103-1, requires employers to pay overtime compensation to all non-exempt employees, at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek; 12 hours per workday; or 12 consecutive hours without regard to the starting and ending time of the workday.

37. Defendant routinely suffered and permitted Plaintiff and the Rule 23 Class to work more than forty (40) hours per week without receiving the legally mandated overtime premiums.

38. Defendant's actions, policies, and practices as described above violate the CWA and MWO by failing to compensate Plaintiff and the Rule 23 Class for all of their overtime pay at the proper overtime rate.

39. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

40. Plaintiff and the Rule 23 Class seek to recover attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the CWA § 8-6-118 and MWO, 7 CCR 1103-1, and other applicable state laws.

41. Plaintiff and the Rule 23 Class seek damages in the amount of their underpayments based on Defendant's failure to pay lawful wages due and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Rule 23 Class, prays for judgment against Defendant as follows:

1. Certify this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the Rule 23 Class;

2. Appoint Plaintiff as Class Representative and appoint her counsel as Class Counsel;

3. Judgment that Defendant's practices violate the CWA and MWO;

4. Award Plaintiff and the Rule 23 Class all damages, civil penalties, and prejudgment interest available;

5. Award Plaintiff and the Rule 23 Class all costs and attorneys' fees incurred prosecuting this claim; and

6. Such further relief as the Court deems just and equitable.

Dated:  July 21, 2014                                        NICHOLS KASTER, PLLP

*/s/ Rachhana T. Srey*

Rachhana T. Srey, MN Bar No. 340122
G. Tony Atwal, MN Bar No. 331636
4600 IDS Center
80 South 8th Street

Minneapolis, MN  55402
Telephone (612) 256-3200
Fax (612) 338-4878
srey@nka.com
tatwal@nka.com

ATTORNEYS FOR PLAINTIFF AND THE RULE 23 CLASS