IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Michele Kennett, individually and on behalf of The Proposed Colorado Rule 23 Class, | : 1:14-cv-02005-CMA-MJW |
| Plaintiff | : |
| v. | : |
| Bayada Home Health Care, Inc., | : |
| Defendant | : ELECTRONICALLY FILED |

**STIPULATED CONFIDENTIALITY AGREEMENT** (Docket No. 18-1)

AND NOW, comes Bayada Home Health Care, Inc. ("Bayada" or "Defendant"), by and through its undersigned counsel, Buchanan Ingersoll & Rooney PC, along with Michele Kennett ("Plaintiff"), by and through her undersigned counsel, Nichols Kaster, PLLP (collectively, the "Parties") stipulate and agree to the following Stipulated Confidentiality Agreement:

Proceedings and Information Governed

1. This Stipulated Confidentiality Agreement and any amendments or modifications hereto ("Confidentiality Agreement") shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, responses to third party subpoenas and other writings or things produced, given or filed in this action **that are designated by a party as "Confidential Information" in accordance with the terms of this Confidentiality Agreement**, as well as to any copies, excerpts, abstracts, analyses, summaries,

1

descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

Designation and Maintenance of Information

2. For purposes of this Confidentiality Agreement, the "Confidential" designation shall mean that the information is comprised of trade secrets, proprietary or confidential commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed.R.Civ.P. 26(c); private or confidential information regarding current and former clients and employees of Bayada; other non-public confidential financial information of Plaintiff, the putative class and/or Defendant; or information otherwise required by law or agreement to be kept confidential. Information designated "Confidential" does not include, and this Confidentiality Agreement shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. For purposes of this Confidentiality Agreement, "Document" or "Documents" shall mean all originals, copies and non-identical copies, however produced or reproduced, of any printed, typed, handwritten, graphic, electronic or otherwise recorded matter of whatever character, including, but not limited to, files, correspondence, contracts, agreements, memoranda, notes, forms, diaries, reports, interoffice communications, statements, transcripts, affidavits, photographs, audiotape or videotape recordings, electronic data, motion pictures, e-mail, forensic copies of cellular phones, text messages and/or all other electronic files and data files.

4. Information, including documents and things produced during the course of this litigation within the scope of paragraph 2 above, may be designated by the producing party as "Confidential" as follows:

   a. Any producing party shall mark any documents or items it wishes to designate "Confidential" with the appropriate confidentiality markings at the time of production. Initial failure, by inadvertence or otherwise, to mark a particular item as "Confidential" shall not preclude a subsequent marking of such item.

   b. Electronic evidence may initially be designated as "Confidential" in writing such that counsel are aware that the information contained within the electronic devices may contain confidential information. The parties' categorical designation of such devices is necessary based on the expedited nature of this case, and counsel agrees to confer regarding individual documents regarding their confidentiality and the applicability of this Confidentiality Agreement to them before using or disclosing them outside the parameters of the Confidentiality Agreement.

   c. Deposition or other testimony taken in this action, including any document marked for identification during a deposition, may be designated "Confidential" by any one of the following means: (i) by stating orally on the record that the information is "Confidential" on the day the testimony is given; (ii) by sending written notice to all parties herein designating information as "Confidential" within fifteen (15) business days after the transcript of the testimony is delivered to the party designating the testimony or document as confidential; or (iii) by stamping or writing the legend "Confidential" on the relevant portion of the transcript or document at or before the signing of the transcript by the witness or as soon thereafter as practicable. **All information disclosed during a deposition shall be deemed to have been designated "Confidential" for fifteen (15) business days after the transcript of the deposition has been delivered, whether or not any portion of the transcript or document has been so designated previously.** Written notices of "Confidential" information contained in a deposition transcript shall be attached by each party to the face of the relevant transcript and each copy thereof in its possession, custody or control.

   d. Any party may designate a document produced by a non–party pursuant to subpoena, order of court, or otherwise as "Confidential" by sending written notice to all parties herein

3

designating such document as "Confidential" within fifteen (15) business days after the document is delivered to the party designating the document as confidential or after this Agreement is executed by all parties, whichever is later. **All documents produced by non–parties shall be deemed to have been designated "Confidential" for fifteen (15) business days after the documents have been delivered or after this Agreement is executed by all parties, whichever is later, whether or not any portion of the document has been so designated previously.**

Inadvertent Production of Privileged Information

5. When a disclosure of documents and materials containing privileged information is made in this Action, the disclosure does not operate as a waiver in this Action or any other federal or state proceeding if: (1) the disclosure was inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Fed. R. Civ. P. 26(b)(5)(B).

6. Inadvertent production of privileged information must be handled as follows:

   a. In the event (i) that received documents or information appears to the receiving party on its face to constitute privileged information or (ii) immediately upon receiving notice from the producing party that privileged information has been inadvertently produced, the receiving party must (except to the extent necessary to challenge the privilege claim) not review, copy, or disseminate the privileged information, nor may it disclose their substance. In addition, the receiving party must return the privileged information and/or certify they destroyed such information within ten (10) business days from receipt of notice.

   b. If the receiving party believes it has a good-faith basis for challenging the privilege or other claim, counsel for the receiving party must provide counsel for the producing party with a written explanation of the good-faith basis for its belief that the inadvertently produced documents or materials are not privileged information within ten (10) business days after the first event that occurs under the above section (a)(i) or (ii).

    c.    Counsel for the producing party must respond in writing to receiving party's counsel's timely challenge to the privilege claim within seven (7) business days from receipt of the challenge.

    d.    In the event the Parties cannot agree as to the privilege status of the inadvertently produced documents or materials, the receiving party has fourteen (14) business days from receipt of the producing party's written response to the privilege challenge to file a motion seeking an order compelling production of the inadvertently produced documents or materials. In the event such a motion is filed, the moving party has the burden of proving that the produced documents or materials do not constitute privileged information.

    e.    Within five (5) business days of the receiving party's timely filing of a motion seeking an order compelling production of the inadvertently produced documents or materials, the producing party must file under **Level 3 Restriction** (*see* Local Rule 7.2) with the Court a copy of the inadvertently produced documents or materials for in camera inspection by the Court. A copy of the cover letter forwarding the inadvertently produced documents or information for in camera inspection by the Court must be provided to counsel for the moving party.

7.    The receiving party will have no liability under this section for any use or disclosure of any privileged information if, and only if, (i) the received documents or materials do not appear on their face to constitute privileged information or (ii) immediately upon receiving notice from the producing party that privileged information has been inadvertently produced, the receiving party complies with the procedures set forth in this Confidentiality Agreement.

Challenge to Designations

8.    A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have fourteen (14) days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach an agreement after the expiration of this fourteen (14) day timeframe,

and after the parties participate in a telephonic or in-person conference in an attempt to resolve the disagreement, the designating party may at any time thereafter seek a Court Order to maintain the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Confidentiality Agreement.

Disclosure and Use of Confidential Information

9. Information designated as "Confidential" may only be used for purposes of this action, including any appeal, absent approval under paragraph 11.

10. No copies of information designated as "Confidential" shall be made except to the extent necessary for the preparation and conduct of this litigation, including discovery, motion practice, evidentiary hearings, trial and appeal. Any person responsible for making such copies must ensure that the copies adequately reflect any "Confidential" stamp or legend thereon or are designated in such a manner that any person permitted to receive such information reasonably knows it has been designated as such.

11. Information designated "Confidential," including any copies, notes, abstracts, or summaries thereof, shall be maintained in confidence by the person to whom such materials are produced or disclosed, and shall not be disclosed to any person except as follows: (a) any court and its staff; (b) any court reporter who records any deposition or other testimony in this case; (c) any attorney acting on the trial team of a party in the above-captioned action, including corporate counsel of any party; (d) any paralegal, clerical employee, and/or law clerk retained or employed and supervised by counsel of record who is working on the prosecution or defense of this action; (e) any employee of Bayada who is required in good faith to provide assistance in the conduct of

this litigation; (f) experts or consultants; and (g) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, class notification services, or the creation of any computer database from documents.

**In the event that a party desires to disclose to any person not included in (a) through (g) above any document designated as "Confidential," such party shall provide at least five (5) business day's advance notice in writing to counsel of record.** Should such counsel object in writing to the disclosure of such confidential information to that person, the party seeking disclosure may seek an order from the Court. Until the Court resolves the application, no such disclosure shall be made.

12.     Each person to whom information designated as "Confidential" is revealed, disclosed or made available for inspection (except the persons identified in Paragraph 11 subsections (a), (c), (d) and (e) above) shall, prior to having access to such information, review this Confidentiality Agreement and sign the Acknowledgment of Stipulated Confidentiality Agreement in the form attached hereto as Exhibit "A."

13.     All persons authorized by this Confidentiality Agreement to receive copies of information designated "Confidential" information under this Confidentiality Agreement (other than any court and its staff) to whom any "Confidential" materials are furnished, shown or disclosed, shall be shown a copy of this Confidentiality Agreement, and shall be bound by its terms.

Filing Documents With the Court Under Restriction

14. To the extent a party desires to file "Confidential" information or documentation with the Court, same shall be filed under **Level 1 Restriction** (as defined in Local Rule of Civil Procedure 7.2, whereby access is limited to the Parties and the Court).

No Prejudice

15. Producing or receiving confidential information, or otherwise complying with the terms of this Confidentiality Agreement, shall not (a) operate as an admission by any party that any particular confidential information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for a protective order; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

Conclusion of Litigation

16. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Confidentiality Agreement shall be under an obligation to destroy or return to the producing party all materials and documents containing "Confidential" information, and to certify to the producing party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits, and attorney work produced provided that any such materials are maintained and protected in accordance with the terms of this Confidentiality Agreement.

Remedies

17. Any violation or breach of this Confidentiality Agreement shall constitute a breach of contract for which there shall be liability for any and all damages resulting from said violation or breach. All other remedies available to any person(s) injured by a violation of this Confidentiality Agreement are fully reserved.

18. This Confidentiality Agreement shall survive and shall remain in full force and effect after the settlement or termination of this action.

No Waiver of Any Privileged Information in This Action

19. The Parties hereby agree that Fed.R.Evid. 502 applies to all Documents produced to prevent the waiver of attorney-client privilege or work-product doctrine.

The Court retains the right to modify this Agreement, or allow disclosure of any subject covered by this Agreement, at any time in the interest of justice.

| NICHOLS KASTER, PLLP | BUCHANAN INGERSOLL & ROONEY PC |
|---|---|
| By: _s/Gurdip S. Atwal_<br>Rachhana T. Srey, Esquire<br>Minn. I.D. #340122<br>Gurdip S. Atwal, Esquire<br>Minn. I.D. #331636<br>4600 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>(612) 338-4878<br>*Attorneys for Plaintiff* | By: _s/Thomas G. Collins_<br>Thomas G. Collins, Esquire<br>Pa. I.D. #75896<br>Jacob M. Theis, Esquire<br>Pa. I.D. #208631<br>409 North Second Street, Suite 500<br>Harrisburg, PA 17101<br>(717) 237-4800<br><br>Andrew J. Romanow, Esquire<br>I.D. # 42830<br>1600 Broadway, Suite 1600<br>Denver, CO 80202<br>(303) 824-8002<br>*Attorneys for Defendant* |

Dated: October 8, 2014

ORDERED

Done This 14Th Day of October 2014.

Michael J. Watanabe

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Michele Kennett, individually and on behalf of  :
The Proposed Colorado Rule 23 Class,            :  1:14-cv-02005-CMA-MJW
                                                :
               Plaintiff                        :
         v.                                     :
                                                :
Bayada Home Health Care, Inc.,                  :
                                                :
               Defendant                        :

## ACKNOWLEDGEMENT OF STIPULATED CONFIDENTIALITY AGREEMENT

I, _____, under penalty of perjury, state that:

i. I reside at _____, County of _____, State of _____.

ii. I have received a copy of the Stipulated Confidentiality Agreement ("Confidentiality Agreement") in this case dated _____, 2014 and have carefully read and fully understand the provisions of the Confidentiality Agreement.

iii. I will comply with, and be bound by, all of the provisions of the Confidentiality Agreement.

iv. I submit to the jurisdiction of this Court for any proceedings with respect to said Confidentiality Agreement

v. I will hold in confidence and will not copy, discuss, or divulge to persons other than those specifically authorized by said Confidentiality Agreement, any documents, materials or information obtained pursuant to said Confidentiality Agreement.

vi. I will return all such documents, materials, or information and copies of documents, materials, or information obtained pursuant to the Confidentiality Agreement which come into my possession, to the attorneys for the party by whom I am employed or retained, or to the attorney from which I received the documents, materials, or information upon notice that this action has been resolved or dismissed.

DATED: _____           _____

                                       Printed Name: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Michele Kennett, individually and on behalf of The Proposed Colorado Rule 23 Class, : : | 1:14-cv-02005-CMA-MJW |
| Plaintiff : : v. : : | |
| Bayada Home Health Care, Inc., : : | |
| Defendant : | |

**ORDER**

**AND NOW**, this ___ day of _____, 2014, upon consideration of the Parties Unopposed/Joint Motion to Restrict, and the attached Stipulated Confidentiality Agreement, it is hereby **ORDERED** that the Stipulated Confidentiality Agreement is entered as an Order of this Court.

BY THE COURT:

_____