**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-02005-CMA-MJW

MICHELE KENNETT, individually and on behalf
of the Proposed Colorado Rule 23 Class,

    Plaintiff,

v.

BAYADA HOME HEALTH CARE, INC.,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION, OR, IN THE ALTERNATIVE, TO CERTIFY THE COURT'S SUMMARY JUDGMENT ORDER FOR INTERLOCUTORY APPEAL**

---

On September 24, 2015, this Court issued an order denying Defendant Bayada Home Health Care Inc.'s (Bayada's) Motion for Summary Judgment and granting Plaintiff Michele Kennett's Cross-Motion for Summary Judgment (the Summary Judgment Order). (Doc. # 49.) Before the Court is Defendant's Motion for Reconsideration of the Summary Judgment Order, or, in the Alternative, to Certify the Court's Summary Judgment Order for Interlocutory Appeal. (Doc. ## 53, 63.) As explained in greater detail below, because the Court did not misapprehended the facts, the parties' position, or the controlling law, and because certifying this case for interlocutory appeal would not materially advance the ultimate termination of this litigation, the Court denies Defendant's Motion.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Michele Kennett commenced this action in July of 2014, alleging that Bayada violated Colorado state law[1] in failing to pay overtime wages to its home health care workers, who provide in-home health care services to clients with cognitive difficulties, physical disabilities, and/or chronic illnesses. (Doc. # 1.) In its Motion for Summary Judgment, Defendant argued that Ms. Kennett's overtime claim was barred by the so-called "Companion Exemption" to the state law's overtime protections. (Doc. # 30.) The Companion Exemption appears in Section 5 of Colorado's Minimum Wage Order (MWO), and reads in relevant part as follows:

> The following employees or occupations, as defined below, are exempt from all provisions of Minimum Wage Order No. 31: administrative, executive/supervisor, professional, outside sales employees, and elected officials and members of their staff. **Other exemptions are: companions, casual babysitters, <u>and</u> domestic employees employed by households or family members to perform duties in private residences,** property managers, interstate drivers, driver helpers, loaders or mechanics of motor carriers, taxi cab drivers, <u>and</u> bona fide volunteers.

7 C.C.R. 1103-1:5 (emphasis added).

In resolving the Motion and Cross-Motion for Summary Judgment, the Court was tasked with determining – as a matter of first impression – whether the phrase "employed by households or family members to perform duties in private residences" (which the Court termed the "household qualifier") modified solely "domestic employees," or if it also modified the other two occupational categories (i.e.,

---

[1] As discussed in the Summary Judgment Order, federal law has long exempted employees who provide "companionship services" to elderly or infirm individuals from the Fair Labor Standards Act's overtime protections. (*See* Doc. # 49 at 7.) Plaintiff does not bring federal claims against Bayada. (*Id.*)

2


companions and casual babysitters). (Doc. # 49 at 13.) In doing so, the Court analyzed the Exemption's plain language and concluded that the only grammatically sound reading of that language dictated that the household qualifier is applicable to the antecedents "companions" and "casual babysitters," as well as to "domestic employees." (Doc. # 49 at 13–16.) The Court also wrestled with what deference it should provide to an August 3, 2006 "Opinion Letter" (2006 Opinion Letter) written by the then-Director of the Colorado Division of Labor (DOL), which advised that "applying the companionship exemption in situations involving third party employers is acceptable under Colorado Minimum Wage Order Number 22." (*Id.* at 17–22.) Ultimately, the Court decided that, because the 2006 Opinion Letter was contrary to the Companion Exemption's plain language and was conclusory and disclaimer-riddled, the 2006 Opinion Letter was not entitled to deference. (*Id.* at 20.) Defendant now urges the Court to reconsider the Summary Judgment Order or, in the alternative, to certify it for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## II. LEGAL STANDARD

### A. Motions for Reconsideration

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). Accordingly, where, as here, a party's motion seeks reconsideration of a non-final order, that motion falls within the Court's discretionary power to revisit and amend its interlocutory orders as justice requires. S*ee Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 n. 2 (10th Cir. 2008) ("The District Court's partial summary judgment

ruling was not a final judgment. Thus, [plaintiff's] motion for reconsideration is considered an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."); *see also* Fed. R. Civ. P. 54(b).  There are three major grounds justifying reconsideration of an interlocutory order: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Concomitantly, a motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law, but such motions are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."  *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)); s*ee also Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) ("Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider is not at the disposal of parties who want to rehash old arguments. . . . [a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence.") (internal quotation marks and citation omitted).

### B. Interlocutory Appeals and Certification Under 28 U.S.C. § 1292(b)

Generally speaking, appellate jurisdiction is limited to appeals from final decisions of the district courts.  *See Kearns v. Shillinger*, 823 F.2d 399, 400 (10th Cir. 1987).  However, 28 U.S.C. § 1292(b) allows a district court to certify certain orders for

4

interlocutory appeal, and the instant Motion seeks an order certifying the question of whether homecare workers are exempt "companions" under the MWO for such treatment. Section 1292(b) provides that

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that **an immediate appeal from the order may materially advance the ultimate termination of the litigation**, he shall so state in writing in such order . . . .

28 U.S.C. § 1292(b) (emphasis added). It is entirely within a district court's discretion to certify an order for appeal under Section 1292(b). *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995). However, the Tenth Circuit has recognized that certification under 28 U.S.C. § 1292(b) "should be limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action." *State of Utah By & Through Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (citation and quotation marks omitted); *see also Carpenter v. Boeing Co.*, 456 F.3d 1183, 1189 (10th Cir. 2006) ("Interlocutory appeals have long been disfavored in the law, and properly so. They disrupt and delay the proceedings below."); *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (noting that interlocutory appeals are generally prohibited unless litigants can show that an order will have serious consequences that can only be prevented by immediate appeal rather than appeal after judgment).

### III. ANALYSIS

#### A. Reconsideration of the Summary Judgment Order

First, Defendant argues that the Summary Judgment Order "misapplied" an exception to the "last antecedent rule"; that rule provides that "referential and qualifying words and phrases, **where no contrary intention appears**, refer solely to the last antecedent. . . . Thus a proviso usually applies to the provision or clause immediately preceding it. A qualifying phrase separated from antecedents by a comma is evidence that the qualifier is supposed to apply to all the antecedents instead of only to the immediately preceding one." (Doc. # 63 at 5–6) (emphasis added) (citing 2A Sutherland Statutory Construction § 47:33 (7th ed.) (2015)). Defendant argues that there is "no evidence of contrary intent" to bar the application of the last antecedent rule, noting that a comma does not separate the "household qualifier" from the last antecedent (i.e., "domestic employees"). (*Id.* at 6.) Accordingly, it asserts that application of the last antecedent rule results in an "alternative," grammatically sound reading of the Companion Exemption, such that the household qualifier does not modify "companions." (*Id.*) Plaintiff counters that this argument misconstrues the Court's Summary Judgment Order, because the Order already (at least implicitly) rejected this precise argument in deciding to apply the "series qualifier canon."[2] (Doc. # 56 at 5.) The Court agrees with Plaintiff.

---

[2] The series qualifier canon is an exception to the last antecedent rule, which provides that "'[w]hen a referential or qualifying clause follows several words or phrases and is applicable as much to the first word or phrase as to the others in the list, . . . the clause should be applied to all of the words or phrases that preceded it'". (Doc. # 50 at 15–16) (citing *Estate of David v.*

The Summary Judgment Order contained a plain language, textual analysis of the grammar of the MWO, and discussed how Defendant's reading of the Companion Exemption (i.e., its implicit application of the last antecedent rule) failed to account for the text's grammatical structure:

> [S]pecifically, it fails to account for (1) the placement of commas after the terms "companions" and "casual babysitters," and (2) the fact that the word "and" appears immediately before "domestic employees." Moreover, if the household qualifier were interpreted to modify "domestic employees" exclusively, this "and" – appearing in the top-third of the list of occupations – would be either superfluous or nonsensical, particularly because the only other "and" appearing in the phrase at issue appears at the very end of the sentence. To put it slightly differently, if Defendant's interpretation were to prevail, the Companion Exemption would require an additional "and" (but no comma) between "companions" and "babysitters": "Other exemptions are: companions and casual babysitters, and domestic employees employed by households or family members to perform duties in private residences . . . ." However, even this reading is strained, given that the remaining occupations listed are separated by commas, not by the word "and" ("property managers, interstate drivers, driver helpers, loaders or mechanics of motor carriers, taxi cab drivers, and bona fide volunteers.") The only grammatically sound reading of the statute, then, dictates that the household qualifier is equally applicable to the antecedents "companions" and "casual babysitters" as it is to "domestic employees."

(Doc. # 49 at 15.) Accordingly, the Court (implicitly) held that Defendant's interpretation of the statute – which applied the last antecedent rule – would result in a grammatically grotesque interpretation of the Companion Exemption, and thus, that the "contrary intent" of the legislature **not** to apply the last antecedent rule was evidenced by the

---

*Snelson*, 776 P.2d 813, 818 (Colo. 1989) (citing 2A N. Singer, Statutes and Statutory Construction § 47.33, at 245 (4th ed. 1984)).

grammatical structure of the MWO.[3]  Notably, however, Defendant does not actually **explain** how the Court's interpretation of the MWO's grammatical structure was **erroneous**, and it also fails – for the second time – to explain how its construction of the regulation accounts for the presence of the word "and" in the middle of the MWO's list of exempted occupations.

Defendant also argues that the Court's Summary Judgment Order does not "recognize or otherwise address the fact that the prior sentence in Section 5 – which contains the qualifier 'and members of their staff' – does not apply to all of the preceding antecedents, indicating that the Division intended the same reading (i.e., applying the Last Antecedent Rule) when it drafted the sentence addressing exemptions for companions, babysitters, and domestic employees." (Doc. # 53 at 8.)  The Court did not address this argument because Plaintiff successfully rebutted it in contending that the antecedent "and members of their staff" is not a **modifier** of the prior terms like the household qualifier, but rather, a separate occupational category ("administrative,

---

[3] Defendant argues that the 2006 Opinion Letter constitutes evidence of contrary intent; however, the Court's Summary Judgment Order fully explained that the Letter was not entitled to deference because it provided an interpretation that was inconsistent with the plain language of the regulation.  (*See* Doc. # 49 at 18.)  Additionally, Defendant argues that the Court should have looked to legislative intent (i.e., the 2006 Opinion Letter) in interpreting the language of the Companion Exemption; however, Colorado law provides that the Court "look[s] **first** to the plain language of the statute, giving the language its commonly accepted and understood meaning," and it is only when that language is **ambiguous** that the Court resorts to legislative history or further rules of statutory construction.  *See Smith v. Executive Custom Homes, Inc.*, 230 P.3d 1186, 1189 (Colo. 2010) (emphasis added); *see also State v. Nieto*, 993 P.2d 493, 500 (Colo. 2000) ("If courts can give effect to the ordinary meaning of words used by the legislature, the statute should be construed as written, giving full effect to the words chosen, as it is presumed that the General Assembly meant what it clearly said.")  This is precisely what the Court did in the Summary Judgment Order: although it noted that the series-qualifier canon "bolstered" its interpretation, it relied on the plain language of the Companion Exemption's text in the first instance. (Doc. # 50 at 15.)

executive/supervisor, professional, outside sales employees, and elected officials **and members of their staff**.")[4]

In sum, the Court did not commit an error of law, much less a "manifest error of law," in concluding that the household qualifier applied to "domestic" employees, and thus, that the Companion Exemption did not apply to home health care workers like Plaintiff. Accordingly, there is no basis for granting Defendant's Motion for Reconsideration.

**B. Interlocutory Appeal**

Assuming, *arguendo*, that the first two elements required by 28 U.S.C. 1292(b) are met here – i.e., that the order involves a controlling question of law and that there are substantial grounds for difference of opinion as to the resolution of that question – it is clear that granting an interlocutory appeal in this case will not "materially advance the ultimate termination of th[is] litigation." *See* 28 U.S.C. 1292(b).

To be sure, in making its summary judgment ruling, the Court was faced with a state law question of first impression; as such, it was necessarily required to predict what the Colorado appellate courts would do if faced with this question by applying Colorado state law. Critically, however, Defendant does not request that this Court

---

[4] Defendant makes a similar argument about how the Court's Summary Judgment Order "fails to recognize or otherwise address the fact that the qualifier 'of motor carriers' in Section 5 does not apply to all of the preceding antecedents but, rather, only applies to the immediately preceding antecedents that are not separated by commas (i.e., 'loaders or mechanics of motor carriers.')" (Doc. # 53 at 8.) This is an entirely new argument, which is in any case unpersuasive to the Court. Defendant also argues that that the Summary Judgment Order "did not address . . . the omission of the 'household qualifier' from the Division's definitions of both 'casual babysitter' and 'companion services' within the 'Advisory Bulletin and Resource Guide,'" another document promulgated by the Colorado DOL. (Doc. # 53 at 7–8.) However, the "Advisory Bulletin and Resource Guide" did not define "domestic employee," so any comparison among the definitions sheds little to no light on the proper interpretation of the MWO.

9

certify this question to the Colorado Supreme Court, i.e., the final arbiter of Colorado state law.[5] Instead, the instant Motion requests that the question be certified to the Tenth Circuit. The Tenth Circuit, however, would be in no better position to offer a final answer to this state law question than this Court. Accordingly, certifying this question to the Tenth Circuit would be more likely to delay than to expedite this litigation. Although Defendant argues that this Court should certify the Summary Judgment Order for interlocutory appeal because the issue is "one of statewide impact and relevance" and an "immediate appeal would help bring certainty in the law to other employers throughout Colorado" (Doc. #53, at 10), this would only occur if the Tenth Circuit, upon receiving the appeal, chose to certify the question to the Colorado Supreme Court pursuant to Colo. App. R. 21.1, and if the Colorado Supreme Court, in turn, also chose to answer the question. This strikes the Court as a particularly inappropriate use of the "extraordinary" remedy provided by 28 U.S.C. 1292(b). *See D.R. Horton, Inc. v. Denver v. Mountain States Mut. Cas. Co.*, 12-CV-01080-RBJ, 2013 WL 6169120, at *4 (D. Colo. Nov. 25, 2013) (declining to certify an issue for interlocutory appeal because the appealable issue was "a matter of state law that ultimately must be resolved by Colorado's appellate courts. The Tenth Circuit, like this Court, would be attempting to predict what the Colorado appellate courts will ultimately decide."); *Ash Grove Cement Co. v. Liberty Mut. Ins. Co.*, 09-239-KI, 2011 WL 96679, at *2 (D. Or. Jan. 10, 2011) (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 634 (9th Cir. 2010)) (declining to certify

---

[5] The Court notes that such a motion is already pending in another case in this district involving the application of the Companion Exemption for home health care workers. *See Jordan v. Maxim Healthcare Services, Inc.*, No. 1:15-cv-1372-KMT (Doc. # 37.)

a state-law issue for interlocutory appeal because it would not materially advance the ultimate termination of the litigation, because "Section 1292(b) certification 'merely trades one federal forum for another.' Federal rulings on state law issues generally do not affect the state's law, because state courts are not bound by the decisions of the lower federal courts.") When granting an interlocutory appeal will delay, rather than expedite, the ultimate outcome of the trial, federal courts have routinely declined to exercise their discretion to permit such appeals. *See Par. Oil Co., Inc. v. Dillon Companies, Inc.*, 05-CV-00081 REBPAC, 2006 WL 2790429, at *2 (D. Colo. Sept. 27, 2006) (citing cases). As such, the Court declines to certify this matter for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration of the Summary Judgment Order, or, in the Alternative, to Certify the Court's Summary Judgment Order for Interlocutory Appeal (Doc. # 53) is hereby DENIED.

DATED: February 1, 2016

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge