IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-02005-CMA-MJW

MICHELE KENNETT, individually and on behalf
of the Proposed Colorado Rule 23 Class,

    Plaintiff,

v.

BAYADA HOME HEALTH CARE, INC.,

    Defendant.

---

**ORDER GRANTING UNCONTESTED MOTION FOR CLASS CERTIFICATION PURSUANT TO RULE 23 AND STIPULATION AS TO MONETARY RELIEF**

---

This matter is before the Court on Plaintiff Michele Kennett's Uncontested Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23 and Stipulation as to Monetary Relief (for purposes of this Order, the "Motion"). (Doc. # 110.) For the reasons detailed below, Plaintiff's Motion is granted.

### I.     BACKGROUND

The Court's previous Orders provide detailed recitations of the factual and procedural background of this case and are incorporated herein. *See* (Doc. ## 49, 65.) The procedural background of this litigation will be reiterated here only to the extent necessary to address Plaintiff's Motion.

Plaintiff initiated this action in 2014 on her own behalf and on behalf of a proposed class of hourly home health care workers employed by Defendant Bayada

Home Health Care, Inc. in Colorado. (Doc. # 1.) She alleges Defendant violated Colorado's wage and hour laws and seeks unpaid overtime wages. (*Id.*) Defendant has long argued that Plaintiff and members of the proposed class constituted "companions" and were therefore expressly excluded from the minimum wage and overtime obligations of the Colorado Wage Act and related orders, consistent with the Fair Labor Standards Act. (Doc. # 10 at 10.)

Pursuant to the Court's scheduling order, *see* (Doc. # 17 at 7), the action has proceeded in two stages. The first phase has focused on Defendant's companion exemption defense. (*Id.*) In February 2015, the parties filed separate Motions for Summary Judgment on Defendant's companion exemption defense. (Doc. ## 30, 31.) On September 24, 2015, this Court concluded that Defendant's companion exemption defense was inapplicable and that Plaintiff was not barred from overtime pay under Colorado's statutes and regulations. (Doc. # 49.) It therefore denied Defendant's Motion for Summary Judgment and granted Plaintiff's Motion for Partial Summary Judgment. (*Id.*)

Defendant subsequently filed and this Court denied its Motion for Reconsideration or, in the Alternative, to Certify the Court's September 24, 2015, Order for Interlocutory Appeal. (Doc. ## 53, 65.) In February 2016, Defendant filed a Motion for Certification of a Question of Law to the Colorado Supreme Court (Doc. # 66), and on May 31, 2016, this Court certified Defendant's question to the Colorado Supreme Court and stayed this action (Doc. # 74). The Colorado Supreme Court declined to

answer the certified question on June 16, 2016 (Doc. # 79), concluding the first phase of the litigation.

The second phase of litigation has focused on class certification and damages. *See* (Doc. # 17 at 7.)  The parties engaged in negotiations after the Colorado Supreme Court declined to address the certified question.  Because Defendant asserted its intent to appeal the Court's conclusion as to Defendant's companion exemption defense to the Court of Appeals for the Tenth Circuit, the parties did not reach a settlement agreement.  The parties did, however, agree to an amended scheduling order in which they would conduct discovery on class certification and damages and then stipulate to class certification and to a judgment on damages.  (Doc. # 96.)  Plaintiff would then file a motion for attorneys' fees and costs, and Defendant would file a Notice of Appeal.  (*Id.*)  The Court entered this Amended Scheduling Order on October 25, 2016.  (Doc. # 98.)  Over the course of several months, the parties exchanged information and engaged in good faith discussions to reach a stipulation.  *See* (Doc. # 110-1 at 5–8.)

The parties have now reached a stipulation concerning the amount of damages owed to Plaintiff and the members of the putative class, including prejudgment interest.  (*Id.* at 8.)  Plaintiff describes in the Motion presently before the Court:

> The parties agree that the putative class is owed $282,273.87 of overtime pay for the two-year class period at issue, and prejudgment interest of $109,889.29.  Attorneys' fees will be addressed following the Court's entry of Judgment, as contemplated in . . . the Amended Scheduling Order dated October 25, 2016.  Additional attorneys' fees and post-judgment interest will be addressed, if necessary, after the conclusion of [Defendant's] appeal to the Tenth Circuit.

(*Id.* at 8–9.)

In accordance with the parties' agreement, Plaintiff seeks to certify the following class pursuant to Rule 23: "All individuals who are or have been employed by Defendant as hourly paid home health care workers in Colorado from July 21, 2012, through November 15, 2015." (Doc. # 110 at 1.) Plaintiff also asks the Court to appoint Plaintiff Michele Kennett as class representative and Rachhana T. Srey and Robert L. Schug of Nichols Kaster, PLLP as class counsel and to approve the parties' proposed notice to the class. See (Doc. # 110-1 at 13–14; Doc. # 110-6 at 1.) Plaintiff represents that Defendant does not contest these requests, *see* (Doc. # 110), and Defendant has not responded to Plaintiff's Motion.

## II. <u>LEGAL STANDARD</u>

When addressing class certification, the district court undertakes a "rigorous analysis" to satisfy itself that the prerequisites of Federal Rule of Civil Procedure 23 are met. *CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076, 1086 (10th Cir. 2014). Under Rule 23(a), plaintiffs seeking class certification bear the burden of establishing four threshold requirements:

(1) "the class is so numerous that joinder of all members is impracticable";
(2) "there are questions of law or fact that are common to the class";
(3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class"; and
(4) "the representative parties will fairly and adequately represent the interests of the class."

*Id.*

Plaintiffs must also show that the case falls into one of the three categories set forth in Rule 23(b). *Trevizo v. Adams*, 455 F.3d 1155, 1161–62 (10th Cir. 2006); *Shook v. El Paso Cty.*, 386 F.3d 963, 971 (10th Cir. 2004). In this case, Plaintiff moves for

4

class certification under Rules 23(b)(2). (Doc. # 110-1 at 12–13.) Certification is available under Rule 23(b)(3) where "questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

When deciding whether the proposed class meets the requirements of Rule 23, the Court accepts a plaintiff's substantive allegations as true, though it need not blindly rely on conclusory allegations and may consider the legal and factual issues which the complaint presents. *Shook*, 386 F.3d at 968; *see also Vallario v. Vandehey*, 554 F.3d 1259, 1265 (10th Cir. 2009); *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1234 (11th Cir. 2000) ("Going beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues.").

The decision whether to grant or deny class certification "involves intensely practical considerations and therefore belongs within the discretion of the trial court." *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1227 (10th Cir. 2013). In doubtful cases, class certification is favored. *See Esplin v. Hirschi*, 402 F.2d 94, 101 (10th Cir. 1968); *Abraham v. WPX Prod. Prods., LLC*, 317 F.R.D. 169, 218 (D.N.M. 2016).

### III. ANALYSIS

**A. SATISFACTION OF THE RULE 23(A) REQUIREMENTS**

The Court is satisfied that Plaintiff's proposed class satisfies the four prerequisites of Rule 23(a) for the following reasons.

### 1. **Numerosity**

In order to meet the first element of Rule 23(a), "[t]he burden is upon plaintiffs seeking to represent a class to establish that the class is so numerous as to make joinder impracticable." *Peterson v. Okla. City Hous. Auth.*, 545 F.2d 1270, 1273 (10th Cir. 1976). However, there is "no set formula to determine if the class is so numerous that it should be certified." *Rex v. Owens ex rel. State of Okla.*, 585 F.2d 432, 436 (10th Cir. 1978). Rather, "the determination is to be made in the particular circumstances of the case," *id.*, and is "a fact-specific inquiry best left to the district court's discretion," *Gonzales v. City of Albuquerque*, No. CIV 09-0520 JB/RLP, 2010 WL 4053947, *7 (D.N.M. Aug. 21, 2010). Factors bearing on this inquiry include "the nature of the action, the size of the individual claims, and the location of the members of the class . . . that is the subject matter of the dispute." *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1215 (10th Cir. 2014) (quoting 7A Charles Alan Wright, et al., Federal Practice & Procedure § 1762, at 206–07 (3d ed. 2005)). This Court and others within the Tenth Circuit have certified classes ranging in size from tens to hundreds of thousands of class members. *See, e.g.*, *Rex*, 585 F.2d at 435 ("Class actions have been deemed viable in instances where as few as 17 to 20 persons are identified as the class"); *Bennett v. Sprint Nextel Corp.*, 298 F.R.D. 498, 504–05 (D. Kan. 2014) ("Courts have found that classes as small as twenty members can satisfy the numerosity requirement, and a good faith estimate of at least 50 members is a sufficient size to maintain a class action" (internal quotations omitted)).

In the matter presently before the Court, the putative class consists of 251 individuals. (Doc. # 110-1 at 9; Doc. # 110-2 at 8.) It would be impracticable and economically unreasonable to expect these home health care aides to pursue their own claims, given the high cost of litigation. *Cf. Torres-Vallejo v. Creativexteriors, Inc.*, 220 F. Supp. 3d 1074, 1085 (D. Colo. 2016) ("The class members are Mexican nationals with limited access to U.S. courts, and the value of any individual's claims is likely to small to make individual litigation cost effect. These factors suggest that individualized resolution of claims would be both unlikely and impractical."). Numerosity is satisfied.

2. **Commonality**

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Not all questions of law and fact need be common to the class. "[E]ven a single common question will do." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) (internal quotations omitted). However, this requirement is not met merely because the putative class members allegedly "all suffered a violation of the same provision of law." *See id.* at 350. Indeed, it is not just the presence of a common question that matters, but the ability of the class action device to "resolve an issue that is central to the validity of each one of the claims in one stroke." *See id.* "The district court retains discretion to determine commonality because it is 'in the best position to determine the facts of the case, to appreciate the consequences of alternative methods of resolving the issues of the case and . . . to select the most efficient method for their resolution.'" *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1289 (10th Cir. 1999) (internal citation omitted).

Here, one overarching common issue of law has driven the litigation: whether the members of the putative class were exempt from overtime protections under Colorado's companion exemption. The claims of the class members will rise and fall together depending on the answer. This Court has determined that the exemption does not apply. (Doc. # 49.) Defendant intends to seek review of that decision at the Tenth Circuit. Commonality is satisfied.

### 3. <u>Typicality</u>

The third prerequisite for class certification is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[D]iffering fact situations of class members do not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988); *see also DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1199 (10th Cir. 2010) ("typicality exists where . . . all class members are at risk of being subjected to the same harmful practices, regardless of any class member's individual circumstances.").

The Court is satisfied that Plaintiff's claim is typical of potential class members' claims. She alleges that she and other hourly home health care workers in Colorado were not properly paid overtime at one and one-half times the regular rate of pay as required by Colorado law. (Doc. # 1.) Typicality is satisfied.

### 4. <u>Fair and Adequate Representation of the Class</u>

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution

of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interests with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir. 2002) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). The plaintiffs the initial burden of demonstrating facts to support a finding that they will adequately protect the interests of the class. *Decoteau v. Raemisch*, 304 F.R.D. 683, 689 (D. Colo. 2014). If the plaintiffs make a *prima facie* case of adequate representation, the burden shifts to the defendant. *Id*. Absent evidence to the contrary, a presumption of adequacy applies. *Id*.

In the matter now before the Court, there are no conflicts between Plaintiff, her counsel, or the other class members in this case. There is likewise no dispute that counsel has, and will continue to, vigorously prosecute the action on behalf of the class. Plaintiff is represented by Rachhana T. Srey and Robert L. Schug of Nichols Kaster, PLLP. (Doc. # 110-2.) Since the case was filed in 2014, counsel have vigorously pursued the claims of Plaintiff and the class. They are knowledgeable on the applicable law, and have obtained summary judgment in Plaintiff's favor on the question of the applicability of the Companion Exemption (which Defendant intends to appeal to the Tenth Circuit). (Doc. #49.) Counsel and their firm have extensive experience handling complex class actions, including actions involving federal and state wage and hour laws. *See* (Doc. # 110-2.) Adequacy is satisfied.

B.  **CERTIFICATION UNDER RULE 23(B)93)**

Plaintiff seeks certification under Rule 12(b)(3), which allows for class certification where: (1) "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) the court finds "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

1.  **Predominance**

The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Courts must give "careful scrutiny to the relation between common and individual questions in a case."[1] *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1046 (2016). They must ask "whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Id*. (quoting 2 William B. Rubenstein, Newberg on Class Actions § 4:49 (5th ed. 2012)). If "one or more of the central issues in the action" are common to the class and can be said to predominate, the class may be certified under Rule 23(b)(3) "even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class

---

[1] Issues are described as common or individual questions "primarily based on the nature of the evidence":
> If the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question. If the same evidence will suffice for each member to make a prima facie showing, or if the issue is susceptible to generalized, class-wide proof, then it is a common issue.

2 William B. Rubenstein, Newberg on Class Actions § 4:50 (5th ed. 2017) (internal quotations omitted).

members." *Id*. (quoting 7AA Charles Alan Wright, *et al.*, Federal Practice & Procedure § 1778 (3d ed. 2005)).

As explained above in the context of commonality, the claims of Plaintiff and the putative class in this case will rise and fall together depending on the Tenth Circuit's answer to this question of the applicability of Colorado's companion exemption. The parties have stipulated to the amount of damages owed to the class. Thus, no merits issues will remain once the exemption question is decided. Given the posture of the litigation, with Plaintiff having prevailed on the merits, it is unlikely that an individual class member would have a significant interest in pursuing separate actions. Predominance is satisfied.

### 2. <u>Superiority</u>

The second requirement for certification under Rule 23(b)(3) is that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Rule identifies four factors relevant to this inquiry:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

*Id*. In the Tenth Circuit, these factors are non-exhaustive. *Wilcox v. Commerce Bank of Kansas City*, 474 F.2d 336, 345 (10th Cir. 1973). Class treatment is superior in this jurisdiction if "it will 'achieve economies of time, effort, and expense, and promote

uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or brining about other undesirable results.'" *CGC Holding Co., LLC*, 773 F.3d at 1089 (quoting *Amchem*, 521 U.S. at 615).

All of these factors weigh in favor of certification in the matter before the Court. Class certification, as agreed to by the parties, will "'achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or brining about other undesirable results.'" *See id*.

Plaintiff's proposed class satisfies both elements of Rule 23(b)(3) and is certified accordingly.

**C.    APPOINTMENT OF CLASS REPRESENTATIVE AND COUNSEL AND APPROVAL OF CLASS NOTICE**

An order that certifies a class action must also appoint class counsel under Rule 23(g). Fed. R. Civ. P. 23(c)(1)(B). Rule 23(g) requires courts to consider the following in appointing class counsel:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Plaintiff requests that the Court appoint Rachhana T. Srey and Robert L. Schug of Nichols Kaster, PLLP as class counsel. (Doc. # 110-6.) The Court agrees that counsel have already put in a great deal of work into this action, have experience in handling complex class action suits, are knowledgeable about relevant

law, and have resources to vigorously advocate for Plaintiff.  Additionally, the Court has already determined that counsel will "fairly and adequately represent the interests of the class[es]."  *See supra*.  The Court therefore appoints Rachhana T. Srey and Robert L. Schug of Nichols Kaster, PLLP as class counsel in this matter.

The Court also grants Plaintiff's request that it approve the parties' stipulated proposed Class Notice.  *See* (Doc. # 110-1; Doc. # 110-5.)  When a class is certified under Rule 23(b)(3), the court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2).  The notice must explain, in easily understood language: (1) the nature of the action; (2) the class definition; (3) the claims, issues, and defenses; (4) that a class member may enter an appearance through their own attorney; (5) that class members may request exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment.  *Id*.  The parties' proposed notice, *see* (Doc. # 110-5), fulfills these requirements.  The parties agree that it will be sent by Plaintiff's counsel by via First Class U.S. Mail to the last known mailing address of the each class member, updated where necessary through the National Change of Address Database.  (Doc. #110-2.)  Class members will have 60 days to request exclusion.  (*Id.*)

## IV.    CONCLUSION

For the reasons detailed above, the Court GRANTS Plaintiff's Uncontested Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23 and Stipulation as to Monetary Relief (Doc. # 110).    Having found the requirements of Rule

13

23(a) and Rule 23(b)(3) satisfied, the following proposed class, as defined below, is certified under Federal Rule of Civil Procedure 23:

> All individuals who are or have been employed by Defendant as hourly paid home health care workers in Colorado from July 21, 2012, through November 15, 2015.

It is FURTHER ORDERED that Rachhana T. Srey and Robert L. Schug of Nichols Kaster, PLLP are appointed as class counsel in this matter. It is

FURTHER ORDERED that Plaintiff's stipulated proposed Class Notice (Doc. # 110-5) is APPROVED.

DATED: June 27, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge